IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALVIN E. BAKER,
    Plaintiff,

vs.                                                  Case No.: 3:19cv561/MCR/EMT

CORIZON HEALTH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction," with an attached Memorandum in Support and Declaration in Support (ECF No. 6).

Plaintiff, an inmate of the Okaloosa County Department of Corrections proceeding in forma pauperis, commenced this action on March 8, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff sues Corizon Health (the provider of medical services to inmates at the Okaloosa County Jail), Dr. Nicholas Delgado, the Okaloosa County Jail, and two jail officials (*see id.*). Plaintiff claims that Defendants are denying him medical treatment for his vision problems and granulomatosis with polyangiitis (formerly called Wegener's disease), in violation of the Eighth Amendment and the Due Process Clause (*see id.*).

In the instant "Motion for a Temporary Restraining Order and a Preliminary Injunction" and attachments, filed approximately one month after the Complaint,

Plaintiff essentially reiterates his allegations of denial of medical treatment (*see* ECF No. 6 and attached Declaration and Memorandum).  As relief Plaintiff requests the following:

> a temporary restraining order requiring the defendant to arrange for an examination, a plan of treatment by a qualified specialist, and [ ] a preliminary injunction requiring the defendants to carry out the plan of treatment.

(ECF No. 6, attached Declaration, p. 2).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court.  *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  A plaintiff seeking a preliminary injunction or temporary restraining order must establish four prerequisites:  "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (preliminary injunction); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (temporary restraining order).  A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four requisites.  *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

In compliance with the court's statutory duty to screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, the court issued a separate order on today's date, setting forth the facts underlying Plaintiff's constitutional claims, advising Plaintiff of the legal standards applicable to those claims, and discussing the reasons why Plaintiff's factual allegations failed to state a plausible claim for relief against any of the named Defendants. At the conclusion of the screening order, the court directed Plaintiff to either file an amended complaint which cured the pleading deficiencies, or notify the court if he no longer wished to pursue his claims. While the issuance of the court's screening order does not extinguish Plaintiff's request for preliminary injunctive relief, it does tend to show that Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claim. Plaintiff's having failed to satisfy his burden of persuasion on the first prong of the Eleventh Circuit's four-pronged standard, his motion for a preliminary injunction or temporary restraining order should be denied. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction" (ECF No. 6) be **DENIED without prejudice**.

Case No.: 3:19cv561/MCR/EMT

At Pensacola, Florida, this 25<u>th</u> day of April 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**